UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEBORAH L. MOODY,                      )
                                       )   No. CV-10-161-CI
            Plaintiff,                 )
                                       )
v.                                     )   ORDER GRANTING DEFENDANT'S
                                       )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                     )   AND DENYING PLAINTIFF'S
Commissioner of Social                 )   MOTION FOR SUMMARY JUDGMENT
Security,                              )
                                       )
            Defendant.                 )
                                       )
_____)

     BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No.
14, 16.)   Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney Lisa Goldoftas represents Defendant.
The parties have consented to proceed before a magistrate judge.  (ECF
No. 7.)  After reviewing the administrative record and briefs filed by
the parties, the court **GRANTS** Defendant's Motion for Summary Judgment
and **DENIES** Plaintiff's Motion for Summary Judgment.

                              **JURISDICTION**

     Plaintiff Deborah Lee Moody (Plaintiff) protectively filed for
disability insurance benefits on December 20, 2004.   (Tr. 20.)
Plaintiff alleged disability began May 2, 2003. (Tr. 20.)  Benefits
were denied initially and on reconsideration.   (Tr. 42, 46.)
Plaintiff requested a hearing before an administrative law judge
(ALJ), which was held before ALJ Hayward Reed on June 26, 2007. (Tr.
591-618.)  Plaintiff was represented by counsel and testified at the
hearing.  (Tr. 602-609.)  Vocational expert Fred Cutler and medical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1  expert Joseph Cools, Ph.D., also testified. (Tr. 593-600, 609-10,
2  612-17.) A second hearing was held August 1, 2007. (Tr. 536-88.)
3  Plaintiff, Dr. Cools, and vocational expert Deborah LaPoint testified.
4  (Tr. 537-86.) ALJ Reed denied benefits and the Appeals Council denied
5  review. (Tr. 7, 20-34.) The instant matter is before this court
6  pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

8      The facts of the case are set forth in the administrative hearing
9  transcripts, and will, therefore, only be summarized here.

10     Plaintiff was born on December 31, 1962, and was 44 years old at
11  the time of the hearings. (Tr. 33.) Plaintiff graduated from high
12  school and attended two years of college classes. (Tr. 208, 324,
13  463.) She has work experience as a computer security coordinator and
14  in other information technology positions. (Tr. 85-86.) She alleges
15  she is unable to work due to bipolar disorder and the side effects of
16  medications. (Tr. 604-05.) Plaintiff testified her manic behavior
17  leads to drug and alcohol use. (Tr. 604.) She gets manic when she
18  stops taking medications, which she does because she gets frustrated
19  with the side effects of lethargy, foggy head, and weight gain. (Tr.
20  604-05.) She has trouble getting up in the morning and getting going
21  due to medication side effects. (Tr. 606.) She has a long history of
22  drug and alcohol abuse but testified she has been clean and sober with
23  only one day of relapse between 2004 and 2007. (Tr. 603.)

## STANDARD OF REVIEW

25     Congress has provided a limited scope of judicial review of a
26  Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the
27  Commissioner's decision, made through an ALJ, when the determination
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

1  404.1520(a)(4)(I), 416.920(a)(4)(I).

2      If the claimant is not engaged in substantial gainful activities,
3  the decision maker proceeds to step two and determines whether the
4  claimant has a medically severe impairment or combination of
5  impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If
6  the claimant does not have a severe impairment or combination of
7  impairments, the disability claim is denied.

8      If the impairment is severe, the evaluation proceeds to the third
9  step, which compares the claimant's impairment with a number of listed
10 impairments acknowledged by the Commissioner to be so severe as to
11 preclude substantial gainful activity. 20 C.F.R. §§
12 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App.
13 1. If the impairment meets or equals one of the listed impairments,
14 the claimant is conclusively presumed to be disabled.

15     If the impairment is not one conclusively presumed to be
16 disabling, the evaluation proceeds to the fourth step, which
17 determines whether the impairment prevents the claimant from
18 performing work he or she has performed in the past. If plaintiff is
19 able to perform his or her previous work, the claimant is not
20 disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
21 this step, the claimant's residual functional capacity ("RFC")
22 assessment is considered.

23     If the claimant cannot perform this work, the fifth and final
24 step in the process determines whether the claimant is able to perform
25 other work in the national economy in view of his or her residual
26 functional capacity and age, education and past work experience. 20
27 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482
28

U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

However, a finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

Plaintiff has not engaged in substantial gainful activity since May 2, 2003, the alleged onset date. (Tr. 22.) At step two, he found Plaintiff has the following severe impairments: chronic cervical strain, bipolar disorder, depressive disorder, personality disorder traits, and drug addiction. (Tr. 23.) At step three, the ALJ found Plaintiff's impairments, including the substance use disorder, meet sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 29.) However, because there is evidence of substance use, the ALJ continued the analysis.

The ALJ determined that if Plaintiff stopped the substance use, she would continue to have a severe impairment or combination of impairments, but Plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 30.) The ALJ then found:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform medium work. She can lift and carry 50 pounds frequently and 25 pounds occasionally. She can stand and/or walk 6 hours in an 8-hour day. She can sit 6 hours in an 8-hour day. She is able to understand, remember, and carry out simple and detailed instructions. She has moderate limitations in the ability to maintain attention and concentration for extended periods; work in extended coordination with or extended proximity to others without being distracted by them; interact appropriately with the general public on an extended basis; accept instructions and respond appropriately to criticism from supervisors if the criticism is pejorative or laced with negative undertones; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and maintain socially appropriate behavior if in close contact.

(Tr. 30-31.) The ALJ found that if Plaintiff stopped the substance use, she would be unable to perform past relevant work. (Tr. 33.) After taking into account Plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

1   the ALJ concluded that if Plaintiff stopped the substance use, there
2   would be a significant number of jobs in the national economy that
3   Plaintiff can perform.   (Tr. 33.)   Therefore, the ALJ found
4   Plaintiff's substance use disorder is a contributing factor material
5   to the determination of disability. (Tr. 34.)  As a result, the ALJ
6   concluded Plaintiff has not been disabled within the meaning of the
7   Social Security Act at any time from the alleged onset date through
8   the date of the decision.  (Tr. 34.)

9                              **ISSUES**

10      The question is whether the ALJ's decision is supported by
11   substantial evidence and free of legal error.  Specifically, Plaintiff
12   asserts the ALJ: improperly relied on the opinion of the medical
13   expert rather than the opinion of a treating provider. (ECF No. 15 at
14   15-19.)   Defendant asserts the ALJ properly evaluated the medical
15   evidence.  (ECF No. 18 at 9-17.)

16                            **DISCUSSION**

17      Plaintiff argues the ALJ erroneously gave more weight to the
18   opinion of the medical expert, Dr. Cools, than to Plaintiff's treating
19   psychiatrist, Dr. Sands.  (ECF No. 15 at 14-19).   In disability
20   proceedings, a treating physician's opinion carries more weight than
21   an examining physician's opinion, and an examining physician's opinion
22   is given more weight than that of a non-examining physician. *Benecke*
23   *v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81
24   F.3d 821, 830 (9th Cir. 1995). If the treating or examining
25   physician's opinions are not contradicted, they can be rejected only
26   with clear and convincing reasons.  *Lester*, 81 F.3d at 830.   If
27   contradicted, the opinion can only be rejected for "specific" and
28   "legitimate" reasons that are supported by substantial evidence in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Sands diagnosed Plaintiff with bipolar affective disorder and treated Plaintiff intermittently from the mid 1990s.[1] (Tr. 525.) In July 2003, Dr. Sands completed a DSHS Psychological/Psychiatric Evaluation form and diagnosed bipolar affective disorder and alcohol

---

[1]The record reflects Plaintiff was first seen by Dr. Sands from January 5, 1994, to May 30, 1996, although there are no records from that period. (Tr. 239.) Plaintiff also saw Dr. Sands from May 8, 2003, to July 21, 2004 (Tr. 239-52, 380-96, 527), and from February 2007 to April 2007. (Tr. 523-25, 528-30.) Dr. Sands explained Plaintiff's treatment was intermittent due to her mood instability, substance abuse and geographic location. (Tr. 525.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

dependence.  (Tr. 245-48.)  He assessed two severe and one marked cognitive limitation and one severe and one marked social limitation. (Tr. 247.)  Dr. Sands noted Plaintiff had been clean and sober for 50 days at the time of the evaluation.  (Tr. 246.)  In June 2007, Dr. Sands completed a Mental Residual Functional Capacity Assessment form. (Tr. 523-25.)  He again diagnosed bipolar affective disorder, history of alcohol dependence and history of polysubstance abuse.  (Tr. 525.) He assessed eight marked limitations and eight moderate limitations in various functional categories.  (Tr. 523-34.)

The ALJ considered the evidence from Dr. Sands, noting completion of the 2003 evaluation form and discussing the contents of the June 2007 opinion in detail.  (Tr. 24, 28.)  The ALJ concluded that Dr. Sands' 2007 opinion is consistent with Plaintiff's limitations with substance abuse.  (Tr. 32.)  The ALJ cited the opinion of the medical expert, Dr. Cools, in reaching this conclusion.  (Tr. 32.)

At the first hearing, Dr. Cools testified he had reviewed records through 2005, but had not received records dated after Dr. McKnight's report dated October 3, 2005.  (Tr. 599.)  Plaintiff testified that she had been "pretty much" sober from 2004 to 2007 with one relapse which lasted one day.  (Tr. 603.)  Dr. Cools then testified that Plaintiff's testimony clarified there had been a sustained period of sobriety, her symptoms had not improved, she responds well to medication, and non-compliance with medication can be a symptom of bipolar disorder.  (Tr. 609-10.)  He stated, "It's really a bipolar disorder itself and that's an issue with her drug and alcohol use." (Tr. 610.)

By the second hearing, Dr. Cools had reviewed additional records from October 2005 to June 2007.  (Tr. 538.)  He pointed out that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

Plaintiff's hospitalizations had been precipitated by increase in cocaine use and after a few days of forced abstinence in the hospital, Plaintiff's depression lifts and she is more stable. (Tr. 539.) He noted there is no evidence of an extended period without drug use supported by drug testing and Plaintiff shows the ability to recover when she is in the hospital. (Tr. 540.) Dr. Cools opined there is nothing in the record to show this is anything but a primary drug problem with cocaine being the drug of choice and the severity of her bipolar disorder is due to cocaine use.[2]  (Tr. 540.)

Dr. Cools cited the report of Dr. Wanwig, M.D., who evaluated Plaintiff in the psychiatric unit after several weeks of cocaine use. (Tr. 543.)   Dr. Wanwig noted it is difficult to separate out components of Plaintiff's behavior which have been related to mental illness from those that have been related to illicit substance use. (Tr. 374.)   Dr. Cools also noted the opinion of Dr. Decker who

---

[2]Plaintiff summarizes some of Dr. Cools' testimony from the first hearing asserting that "Dr. Cools himself testified that her substance use was not material." (ECF No. 15 at 19.)  Plaintiff argues the ALJ's finding that drug and alcohol use are material to disability is erroneous based on Dr. Cools' testimony from the first hearing. (ECF No. 15 at 19.)  This argument is not well-taken because Dr. Cools' testimony in the first hearing was based on an incomplete record.  Dr. Cools' statement at the first hearing suggesting drug use was not material was based on Plaintiff's inaccurate testimony that she had only had one episode of relapse from 2003 to 2007.  After reviewing the entire record, Dr. Cools explained the evidence supporting his determination  that substance abuse is Plaintiff's primary problem.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

prepared a Fitness for Duty Evaluation for Plaintiff's employer in August 2004. (Tr. 369, 544.) Dr. Decker diagnosed bipolar disorder, history of alcohol dependence and recent cocaine abuse. (Tr. 369.) Dr. Decker noted Plaintiff reported being clean and sober since fall 2002, but tested positive for cocaine in June 2004, indicating Plaintiff's substance use disorder may not be remission. (Tr. 370.) Dr. Cools also pointed out that Plaintiff has been noted to have great insight into her condition and Plaintiff knows taking medications erratically is bad for her. (Tr. 424, 543-44.) The expert also indicated he disagreed with the extent of the limitations identified by Dr. Sands. (Tr. 557.) Dr. Cools pointed out that Dr. Sands mentioned substance abuse in his narrative explanation, so it was not clear how Dr. Sands took the effects of substance abuse into consideration in assessing limitations. (Tr. 557.)

Plaintiff argues the ALJ improperly relied on the opinion of Dr. Cools in evaluating Dr. Sands opinion. (ECF No. 15 at 14.) First, the ALJ did not reject Dr. Sands' opinion. Indeed, the ALJ appears to have considered Dr. Sands opinion with respect Plaintiff's limitations with substance abuse. Even if the ALJ intended to reject Dr. Sands opinion, he did not reject the opinion based on the testimony of Dr. Cools alone. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Case law requires not only an

opinion from the consulting physician, but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

In addition to Dr. Cools' opinion, the ALJ noted other evidence supporting his conclusions. In June 2003, Plaintiff was hospitalized for a cocaine overdose. (Tr. 23, 173.) In February 2004, Plaintiff had been on a crack binge for a week, admitted drinking alcohol several weeks earlier, and admitted using marijuana occasionally. (Tr. 24, 323-25.) She was also hospitalized in June 2004 complaining of acute depression and suicidal ideation. (Tr. 25, 363.) She stated she had been clean and sober for the past year, but tested positive for cocaine. (Tr. 364, 367.) In September 2004, Plaintiff ran out of medication and started smoking cocaine regularly. (Tr. 25, 373.) After she started cocaine she became severely depressed and sought treatment at the hospital. (Tr. 373.) Dr. Decker was uncertain whether Plaintiff's substance abuse was truly in remission in August 2004, yet noted she might return to gainful employment in an area not as sensitive as computer security. (Tr. 25, 371.) Dr. Wanwig noted that Plaintiff had previously responded well to a medication combination and once she was on medication there was slow and gradual improvement. (Tr. 373.)

By June 2005, Dr. Bruya reported Plaintiff was taking excessive amounts of prescription Seroquel and also seeking samples from another provider. (Tr. 26, 424.) Plaintiff had slurred speech possibly tied to Seroquel combined with excessive alcohol consumption the previous week. (Tr. 424.) In October 2005, Dr. McKnight performed a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

consultative examination during which Plaintiff admitted to drinking to intoxication in February 2005 and drinking a couple of liters of wine in May 2005, as well as using crack cocaine in May 2005. (Tr. 27, 439.) Dr. McKnight thought Plaintiff seemed overly medicated, but she earned a perfect score on the Mental Status Exam and he noted her upper level cognitive skills are intact. (Tr. 27, 442.) He recommended vocational rehabilitation. (Tr. 27, 442.) On physical exam in November 2005, Dr. Jeckle opined that Plaintiff's binging behaviors involving cocaine and alcohol have resulted in a disordered life and have markedly affected her employability. (Tr. 468.)

In addition, in June 2006, Plaintiff was intoxicated when she made an unscheduled visit to her provider at the People's Clinic. (Tr. 488.) In January 2007, Plaintiff overdosed on prescription pain killers which was considered an accidental overdose. (Tr. 505-08.) She reported having abused alcohol four weeks previously. (Tr. 507.) In February 2007, Plaintiff's family was concerned about overuse of prescription medication and she reported taking more than prescribed to "keep me level." (Tr. 482, 518.) She lied to her nurse practitioner about the recent overdose on pain pills.[3] (Tr. 482.)

---

[3]The ALJ found Plaintiff is not credible and that finding is not challenged by Plaintiff. If the ALJ finds a claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

Based on the foregoing, the ALJ reasonably concluded that Dr. Cools' opinion is supported by the record and is consistent with the evidence. It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ noted that Dr. Cools had the opportunity to review the record as a whole, including the opinions of Dr. Sands and other providers, and cited substantial evidence supporting the opinion. (Tr. 32.) The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). As a result, it was not error for the ALJ to give great weight to Dr. Cools' opinion over the opinion of treating provider Dr. Sands.

Plaintiff also argues the ALJ erred by failing to specifically assign weight to the 2003 opinion of Dr. Sands. (ECF No. 15 at 17-18.) The ALJ noted the 2003 assessment, but did not assign weight to the opinion. (Tr. 24.) The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has

---

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ cited several clear and convincing reasons supported by substantial evidence supporting the credibility finding, which is not challenged by Plaintiff. (Tr. 32.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

been rejected.  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Dr. Sands' 2003 opinion is not particularly probative for several reasons.  First, Dr. Sands noted Plaintiff was only 50 days sober at the time of the 2003 opinion. (Tr. 246.) Dr. Sands also opined that the assessed limitations were projected to last between three and six months. (Tr. 248.)  Secondly, Dr. Sands' answers to the questions about substance abuse are somewhat vague.  In response to a question about the anticipated effects of drug and alcohol treatment, Dr. Sands answered that Plaintiff was currently in counseling for chemical dependency. (Tr. 246.)  When asked about the effect of 60 days of abstinence, Dr. Sands wrote, "Vast improvement already w/ [increased] clarity of thinking." (Tr. 246.)  These answers suggest additional improvement may be anticipated with continued sobriety, but do not help the ALJ ascertain Plaintiff's limitations without the effects of substance abuse.  Third, Dr. Sands stated in the 2003 report, "She'll not be steady w/ RX's [prescriptions] for BAD [bipolar affective disorder] when not C+S [clean and sober]. (Tr. 247.)  This is consistent with Dr. Cools' testimony.  Lastly, Dr. Sands 2007 assessment is based on a more detailed form and has an explanatory narrative, while the 2003 opinion contains very little explanation.  For these reasons, the 2003 assessment is not particularly probative and the ALJ did not err by failing to assign weight to the opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.  Accordingly,

**IT IS ORDERED:**

1.   Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

1   **GRANTED.**

2        2.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

3   **DENIED.**

4        The District Court Executive is directed to file this Order and

5   provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

6   be entered for Defendant and the file shall be **CLOSED.**

7        DATED October 28, 2011.

8

9                    <u>  S/ CYNTHIA IMBROGNO      </u>
                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –17